TROTT, Circuit Judge, concurring:
I concur in the majority’s conclusion that both the bankruptcy court and the district court clearly erred in holding the debtor’s intent was not fraudulent, and I write only to express my concern about the undesirable manner in which the bankruptcy court’s opinion was prepared. In sum, it was entirely the work of counsel for the debtors, and it was signed and adopted by the court without any input from counsel for EVA. The rule in this circuit is that we review a trial court’s findings of fact for clear error. However, where a judge announces generally a decision and leaves it to counsel for the prevailing party to draft an opinion, we subject such an opinion to “careful scrutiny.” L.K. Comstock & Co. v. United Eng. & Constructors Inc., 880 F.2d 219 (9th Cir.1989) (“Comstock”). This *520 rule casts a shadow on the bankruptcy court’s and the district court’s findings of fact in this case, and the offending opinion amply illustrates the wisdom of our cautionary rule.
With all respect, the bankruptcy judge’s opinion, ghosted by the debtors’ counsel, reads as a whole more like an advocacy piece for them than a considered judicial product. It inappropriately glosses over the important issue of cash transfers from the restaurants to Quality Foods as if the transfers had no importance. The opinion also claims without support in the record that the trustee “agreed” and “consented” to counsel’s proposal for these cash transfers. When pressed at oral argument, counsel admitted that the word “agreed” overstated the record, and asked us to focus instead on the bankruptcy judge’s oral findings. When asked what these findings indicate in terms of the cash transfers, counsel examined the record and could produce nothing germane. Neither can I. Moreover, referring to Mr. Bettis as “the trustee” in connection with this conversation about cash transfers is misleading. Counsel concedes that Mr. Bettis had not even been appointed at the time of the conversation!
This is a classic example of what the Supreme Court has described as “overreaching and exaggeration [by] attorneys preparing findings of fact.” Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 572, 105 S.Ct. 1504, 1510, 84 L.Ed.2d 518 (1985). Under the circumstances, I respectfully doubt that the bankruptcy court’s opinion represents “the judges’s own considered conclusions.” Id. at 573, 105 S.Ct. at 1511.
Debtor’s counsel tells us this problematic approach to preparing bankruptcy opinions is standard in his area. If so, it must be modified immediately to insure that the abuses I find here are not repeated in other cases. A judicial officer may not “uncritically accept” the offering of counsel. Comstock, 880 F.2d at 222 (quoting Clady v. County of Los Angeles, 770 F.2d 1421, 1427 (9th Cir.1985) cert. denied, 475 U.S. 1109, 106 S.Ct. 1516, 89 L.Ed.2d 915 (1986)). We must make sure we do our own work, not let the lawyers do it for us.